# LEE LITIGATION GROUP, PLLC
148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1188
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT:   212-465-1188
                   cklee@leelitigation.com

**Via ECF**                                                                October 2, 2025

The Honorable Katherine Polk Failla, U.S.D.J.
United States District Court, S.D.N.Y.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007



Re:   *Chavez v. Seville Restaurant and Bar Inc. et. al.*
      Case No. 1:25-cv-03871

Dear Judge Failla:

We represent Plaintiff Chavez in the above-referenced matter. We respectfully submit this letter to seek the Court's assistance in resolving outstanding discovery disputes, pursuant to Rule 2C (ii) of Your Honor's Individual Practices.

**1. Disputes over Class Discovery**

On September 23, 2025, Plaintiff's counsel, Anne Seelig, Esq., and Defendants' counsel conferred by telephone regarding Plaintiff's requests for class-wide discovery, including employee contact information. Defendants refused to provide class discovery, contending that no class has been certified and that the number of employees is insufficient to establish numerosity for class or collective certification.

Nevertheless, the parties agreed that, by September 30, Defendants would disclose the size of the putative class and produce a list of all non-exempt employees, front and back of house, employed within six years prior to the filing of the Complaint. To date, Defendants have failed to produce the agreed-upon information or otherwise respond.

Plaintiff respectfully requests that the Court compel Defendants to produce relevant documents for all putative class members, or, in the alternative, a sampling by a date certain.

Courts in the Second Circuit have authorized the discovery of information regarding an employer's employees prior to conditional certification "in order to provide the court with sufficient information to determine whether certification is appropriate." *Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 490 (S.D.N.Y. 2016) (quoting *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, 2007 U.S. Dist. LEXIS 37642, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007)). *See Benavides v. Serenity Spa NY Inc.,* 166 F. Supp. 3d 474, 492 (S.D.N.Y. May 19, 2016) ("[P]roduction of wage-and-hour documents, tip records . . . [for all non-exempt employees in the six years prior to the complaint] would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23.").

 *See also Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery

and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Calabrese v. CSC Holdings, Inc.,* 2007 U.S. Dist. LEXIS 16059, at *20 (E.D.N.Y. 2007) (noting that before deciding whether to certify class, "district court is required to be sure that enough pre-certification discovery is provided so that it is satisfied that each Rule 23 requirement has been met"). Defendants' refusal to produce any class documents is untenable. Plaintiff is entitled to this discovery to determine whether certification is appropriate. The only proper inquiry is the scope of production—not its availability.

In light of Plaintiff's individual wage records, which already demonstrate Defendants' liability, class-wide discovery is necessary to assess the scope of similar violations affecting other employees. Specifically:

1. <u>Unpaid overtime premiums due to fixed salary:</u> Plaintiff's records reflect that Plaintiff was paid a fixed salary of $750.00 a week for 2022 and 2023; and $790.00 a week for 2024. Plaintiff worked for approximately fifty-two and a half (52.5) hours a week without any overtime premiums for hours worked over forty (40).

2. <u>Unpaid Spread of Hour Premiums:</u> Plaintiff's records further show that he was not compensated any spread of hours premiums, despite working shifts exceeding ten (10) hours.

**2. Disputes over E-Discovery**

During the September 23 meet-and-confer, Defendants objected to producing a hit report or conducting any e-discovery for the search terms identified in Plaintiff's first document requests, asserting that Individual Defendant Bienvenido Alvarez's advanced age precludes him from using technology for communications. Defendants' counsel indicated they would provide clarification on this issue and, if necessary, an affidavit from Mr. Alvarez attesting to his lack of technological use, by September 30, 2025.

To date, Plaintiff has not received any such clarification or affidavit.

We thank the Court for its consideration of the above.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.

The Court has received Plaintiff's above request (Dkt. #23) and Defendants' response (Dkt. #24). Because Defendants have since complied with Plaintiff's request for a class list, and because there are no other outstanding discovery disputes, the Court hereby DISMISSES Plaintiff's request as moot.

The Clerk of Court is directed to terminate the pending motion at docket entry 23.

Dated:    October 14, 2025          SO ORDERED.
          New York, New York

                                    HON. KATHERINE POLK FAILLA
                                    UNITED STATES DISTRICT JUDGE